Mohideen SAMSUDEEN, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–71426.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 12, 2006.

Charles E. Nichol, Esq., Law Office of
Charles E. Nichol, San Francisco, CA, for
Petitioner.

Ronald E. Lefevre, Chief Counsel, Office
of the District Counsel, Department of
Homeland Security, San Francisco, CA,
Russell J.E. Verby, Esq., DOJ–U.S. De-
partment of Justice, Civil Div./Office of
Immigration Lit., Washington, DC, for Re-
spondent.

Before: GOODWIN, RYMER and
FISHER, Circuit Judges.

MEMORANDUM **

Mohideen Samsudeen, a native and citi-
zen of India, petitions for review of the
Board of Immigration Appeals' decision
summarily affirming an Immigration
Judge's ("IJ") denial of his application for
asylum and withholding of removal, and
request for relief under the Convention

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.

Against Torture ("CAT"). We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition.

■ Substantial evidence supports the IJ's denial of asylum based on an adverse credibility finding, because Samsudeen's testimony was inconsistent with documentation he submitted regarding his fear of returning to India. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000) (stating that documents submitted by petitioner which contradict petitioner's testimony may form the basis for an adverse credibility finding).

■ Because Samsudeen failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

■ Because Samsudeen's claim under the CAT is based on the same testimony that the IJ found not credible, and he points to no other evidence that he could claim the IJ should have considered in making its CAT determination, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.